UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **FRED ALEXANDER, ET AL** | **CIVIL DOCKET NO. 1:21-CV-00161** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **DRESSER, LLC, ET AL** | **MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES** |

### ORDER

Before the Court is Plaintiffs' MOTION TO ENTER PARTIAL FINAL JUDGMENT UNDER RULE 54(b) ON THE COURT'S DENIAL OF PLAINTIFFS' MOTION TO REMAND (the "Motion") [Doc. 71],

28 U.S.C. § 1291 provides that courts of appeals may review only "final decisions" of the district courts. Typically, "in a suit against multiple defendants, there is no final decision as to one defendant until there is a final decision as to all defendants." *Williams v. Seidenbach*, 958 F.3d 341, 343 (5th Cir. 2020).

As an exception to this general rule, Federal Rule of Civil Procedure 54(b) allows a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the [C]ourt expressly determines that there is no just reason for delay." The purpose of Rule 54(b) "is to avoid the injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." *Tex. Adv. Optoelectronic Sols., Inc., v. Renesas Elecs. Am. Inc.*, No. 08-CV-00451, 2019 WL 4805917, at *2 (E.D. Tex. Oct. 1, 2019), (citation omitted).

Fifth Circuit precedent holds that entry of the [R]ule 54(b) order is subject to the discretion of the trial court and that a request for entry of final judgment and certification under Rule 54(b) should not be granted routinely, but rather, "should be sparingly and deliberately used ...." *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984).

Here, Plaintiffs request that the Court enter a final judgment under Rule 54(b) on the Court's interlocutory order dismissing the Louisiana Department of Environmental Quality ("DEQ") and denying their motion to remand. [Doc. 66]. The requested 54(b) certification would allow for Plaintiffs to immediately appeal the Court's remand order. Because a substantially similar issue is currently pending before the Fifth Circuit in an appeal of this Court's ruling in a case arising from the same series of events that form the basis of this lawsuit, the Court denies Plaintiffs' Motion and exercises its discretion to retain jurisdiction over all claims and parties in this matter pending the outcome of that appeal. *See D&J Invs. of Cenla, LLC v. Baker Hughes,* No. 1:20-CV-01174 (W.D. La. Nov. 18, 2020).

Accordingly,

IT IS HEREBY ORDERED that the Plaintiffs' Motion to Enter Partial Final Judgment Under Rule 54(b) on the Court's Denial of Plaintiffs' Motion to Remand is DENIED.

THUS, DONE AND SIGNED in Chambers on this 25th day of October 2021.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE