## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

**FRED ALEXANDER, ET AL**  ·  **CIVIL DOCKET NO. 1:21-CV-00161**

**VERSUS**  ·  **JUDGE DAVID C. JOSEPH**

**DRESSER, LLC, ET AL**  ·  **MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES**

### MEMORANDUM RULING

Before the Court is Defendant General Electric Company's ("GE" or "Defendant") SECOND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (the "Motion") filed in the above-captioned matter. [Doc. 69]. The Motion is filed pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). Plaintiffs oppose the Motion. [Doc. 77]. For the following reasons, the Motion is GRANTED IN PART and DENIED IN PART.

### BACKGROUND

This lawsuit – among others – arises from alleged property damage and personal injury sustained by adjacent landowners resulting from operations at a now-closed industrial valve manufacturing facility located in Rapides Parish, Louisiana (the "Dresser Facility").[1] [Doc. 63]. Plaintiffs contend that throughout the

---

[1]     There are currently 14 additional related cases pending before this Court: *Aertker v. Dresser*, LLC, No. 1:22-cv-00323-DCJ-JPM (W.D. La. Jan. 31, 2022); *Barnes v. Dresser*, LLC, No. 1:21-cv-00024-DCJ-JPM (W.D. La. Jan. 6, 2021); *Barrett v. Dresser*, LLC, No. 1:20-cv-01346-DCJ-JPM (W.D. La. Oct. 16, 2021); *Barton v. Dresser*, LLC, No. 1:22-cv-00263-DCJ-JPM (W.D. La. Jan. 26, 2022); *Cook v. Dresser*, LLC, No. 1:21-cv-00696-DCJ-JPM (W.D. La. March 1, 2021); *D&J Investments of Cenla, LLC v. Baker Hughes, a GE Co., LLC*, No. 1:20-cv-01174-DCJ-JPM (W.D. La. July 31, 2020); *Epperson v. Dresser, LLC*, No. 1:21-cv-00155-DCJ-JPM (W.D. La. Dec. 30, 2020); *Hyatt v. Baker Hughes Holdings LLC*, No. 1:20-cv-01460-DCJ-JPM (W.D. La. Sept. 25, 2020); *Jacques v. Baker Hughes, a GE Co., LLC*, No. 1:21-cv-00315-DCJ-JPM (W.D. La. Jan. 7, 2021); *LeBlanc v. Baker Hughes, a GE Co., LLC*, No. 1:21-

approximately 50 years during which the Dresser Facility was in operation, solvents, cutting oils, acids, and caustics were disposed of improperly, thereby contaminating the groundwater and soil beneath the Dresser Facility.  Plaintiffs further allege that this contamination has migrated onto their adjacent properties and caused them injury.  [*Id.* ¶ 18].

According to Plaintiffs, GE acquired Dresser, Inc., the owner of the Dresser Facility, in October of 2010, which then became a division of GE Oil & Gas, LLC. [*Id.* ¶ 30].  In 2012, employees at the Dresser Facility began sampling the groundwater and soil beneath the Dresser Facility and testing it for Total Petroleum Hydrocarbons ("TPH").  [*Id.* ¶ 36].  An analysis of the samples showed elevated concentrations of several allegedly harmful contaminants, including Trichloroethylene ("TCE"). [*Id.* ¶ 37].  The Dresser Facility ceased operations in 2016.  [*Id.* ¶ 31]. Plaintiffs maintain that they were first notified of the contamination in early 2020. [*Id.* ¶ 43].

## PROCEDURAL HISTORY

On December 30, 2020, Plaintiffs filed the above-captioned matter in the 9th Judicial District Court in Rapides Parish, Louisiana. [Doc. 1-2]. Defendants subsequently removed to this Court based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.  [Doc. 1].  Plaintiffs are seven individuals that own property near the Dresser Facility.  Defendants are thirteen entities or successor entities that allegedly owned, operated, or otherwise had responsibility for the

---

cv-00142-DCJ-JPM (Dec. 30, 2020); *Littleton v. Dresser, LLC*, No. 1:21-cv-02623-DCJ-JPM (W.D. La. Oct. 5, 2021); *Perry v. Baker Hughes, a GE Co., LLC*, No. 1:20-cv-01293-DCJ-JPM (W.D. La. Aug. 21, 2020); *Petty v. Dresser, LLC*, No. 1:21-cv-02586-DCJ-JPM (Jul. 2, 2021); *Stalnaker v. Baker Hughes, a GE Co., LLC*, No. 1:20-cv-01292-DCJ-JPM (W.D. La. Aug. 4, 2020).

Dresser Facility at various intervals from 1964 through the present, including Defendant GE.  After being brought into this action, GE timely filed a Motion to Dismiss for Failure to State a Claim on March 8, 2021.  [Doc. 24].  Thereafter, Plaintiffs sought leave to file their First Amended and Supplemental Complaint. [Doc. 40].  This Court granted leave and Plaintiffs filed their First Amended and Supplemental Complaint (the "Amended Complaint") on September 30, 2021, rendering GE's first Motion to Dismiss moot. [Docs. 63, 64].

The Amended Complaint asserts claims of negligence, several forms of strict liability, nuisance, and solidary liability, and seeks relief in the form of an injunction, stigma damages, loss of use and enjoyment damages, restoration costs, costs for unauthorized storage, and punitive damages under former Louisiana Civil Code Article 2315.3.  [Doc. 63, ¶¶ 79-126].  Because of the length of time during which the Dresser Facility was operational and its varying ownership structure throughout this period, Plaintiffs premise their claims against certain of the Defendants, in part, on a theory of successor liability.  [*Id.*].

GE filed the instant Motion on October 15, 2021, seeking dismissal of the claims against them on three grounds.  [Doc. 69].  First, they claim that GE cannot be held liable for the actions of Dresser under a theory of subsidiary liability.  Second, they argue that the Amended Complaint is a "shotgun" pleading and thus does not meet Rule 8's pleading requirements.  Lastly, they maintain that, even accepting the allegations as true, many of Plaintiffs' claims fail as a matter of law.  [Doc. 69].

Plaintiffs opposed GE's Motion on December 3, 2021.  [Doc. 77].  GE filed a Reply Brief on December 8, 2021.  [Doc. 78].  The Motion is now ripe for ruling.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility requires more than just the "sheer possibility" that a defendant acted unlawfully; it calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support the elements of the claim. *Twombly*, 550 U.S. at 556. Accordingly, the Court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). If the factual allegations asserted in the complaint are wholly speculative or if it is apparent from the face of the complaint that there is an absolute bar to recovery, the claim should be dismissed. *Twombly*, 550 U.S. at 555.

## LAW AND ANALYSIS

### I.   Subsidiary – or Successor – Liability Claims

GE first seeks its dismissal based on its contention that the Amended Complaint fails to assert any theory of "subsidiary liability" that plausibly justifies "holding GE liable for the acts or omissions of Dresser, Inc.," a wholly-owned subsidiary of GE. [Doc. 69-1, p. 5]. Plaintiffs oppose the Motion arguing, in effect,

that their theory of liability against GE is premised on successor – not subsidiary – liability.   [Doc. 77, p. 5].   In this regard, Plaintiffs contend that the Amended Complaint incorporates similar successor liability allegations to those asserted in *Barrett,* which the Court determined to have met the pleading threshold.   *See Barrett v. Dresser*, CV 20-1346, 2021 WL 53658, at *6-8 (W.D. La. Jan. 6, 2021).   Because Plaintiffs posit that they do not allege that GE is liable based on its status as a parent corporation, the Court need not address the merits of GE's subsidiary liability argument.[2]   Accordingly, the issue before the Court is limited to whether the Amended Complaint plausibly alleges a basis for successor liability claims against GE.

### a.  Consideration of Extrinsic Evidence

As a threshold matter, the Court notes that GE has attached five documentary exhibits to its Motion[3] [Docs. 69-2, 69-3, 69-4, 69-4, 69-6] and six more to its Reply Brief in support of its *subsidiary* liability arguments.[4]   [Docs. 78-1, 78-2, 78-3, 78-4, 78-5, 78-6].   In considering a motion to dismiss under Rule 12(b)(6), the district court

---

[2]     Plaintiffs concede this point in their opposition to this Motion, stating "GE mischaracterizes the theory of liability upon which Plaintiffs' claims are based. Contrary to GE's focus on subsidiary liability … GE is in this suit based on its successor liability." [Doc. 77, p. 5].

[3]     These documents are: (i) an "Act of Cash Sale" of the Dresser Facility to Manning, Maxwell & Moore, (ii) an "Act of Cash Sale" of the same property to Dresser Industries, Inc., (iii) an "Act of Cash Sale" of the same property to Dresser RE, Inc., (iv) a "Certificate of Conversion" converting Dresser RE, Inc. to Dresser RE, LLC, and (v) an online article mentioning GE's acquisition of Dresser, Inc.

[4]     These documents are: (i) a certificate of conversion from Dresser, Inc. to Dresser, LLC, (ii) GE's Delaware registration with the Secretary of State, (iii) GE's 2011 SEC Form 10-K, (iv) a list of GE subsidiaries as of 2011, (v) GE's 2018 SEC Form 10-K, and (vi) a list of GE subsidiaries as of 2018.

generally must limit itself to the contents of the pleadings and any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).  In this regard, the court should not consider any extrinsic documents or other evidence unless such documents are: (i) referred to in the plaintiff's complaint; and (ii) central to the plaintiff's claim.  *Id.*  The court may also take judicial notice of certain matters. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).  Should the Court choose to consider matters outside the pleadings, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment.  *Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 517 (5th Cir. 1998); Fed. R. Civ. P. 12(d).

Because neither party has requested that the Court treat this Motion as a Rule 56 Motion for Summary Judgment and because the summary judgment evidence is likely not adequately developed at this time, the Court declines to sua sponte convert the Motion into one seeking summary judgment.  *See Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003) (the district court improperly treated a Rule 12(c) motion as a motion for summary judgment without allowing sufficient discovery).  Thus, the Court confines the scope of its review to those materials properly considered under Rule 12(b)(6).

GE claims that many of the documents attached in support of its Motion are matters of "public record" of which the Court may take judicial notice.  It is certainly true that a court may properly take judicial notice of certain matters, including public records and government websites. *Dorsey*, 540 F.3d at 338; *see also Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005).  Accordingly, the Court

6

accepts GE's invitation to take judicial notice of the Rapides Parish conveyance records and the business filings contained on Delaware's Secretary of State website, as these are matters that "cannot reasonably be questioned." *Ruston v. Louisiana Hosp. Co., LLC v. Lincoln Health Found., Inc.*, CV 18-0881, 2019 WL 6332850 (W.D. La. Nov. 20, 2018) (quoting *Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015)).   However, the Court finds that it can only properly consider the information contained in GE's other exhibits – including the SEC Form 10-K filings – if it were to convert the Motion into one for summary judgment under Rule 56.  *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996) ("a court may consider the contents of relevant public disclosure documents which: (1) are required to be filed with the SEC, and (2) are actually filed with the SEC … for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents").  *Id.*; *see also Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354–55 (7th Cir. 1995) (holding that the district court properly refused to take judicial notice of a corporation's Form 10-K to determine a fact in dispute). Thus, the Court cannot give weight to the veracity of the Form 10-K's statements pertaining to GE's acquisition of Dresser, Inc. or Dresser, Inc.'s subsidiary status to GE.[5]

---

[5]     The Court similarly declines to consider the purported "Dresser Pineville Value Assurance Program" – an external document Plaintiffs referenced, but did not attach, to their opposition to this Motion.  [Doc. 77, p. 7].

### b.  Plaintiffs Raise Sufficient Successor Liability Claims

Turning now to the merits of GE's first argument, the Court finds that Plaintiffs' Amended Complaint states a plausible claim for relief and raises "a reasonable expectation that discovery will reveal evidence" to support their successor liability claim against GE.  *See Barrett*, 2021 WL 53658, at *3.  Louisiana state courts[6] have adopted the basic principles of corporate successor liability articulated by the Supreme Court, in *Golden State Bottling Co v. NLRD*, 414 U.S. 168, 182 n.5, 94 S.Ct. 414, 424, 38 L. Ed.2d 388 (1973), to wit:

> [T]he general rule of corporate liability is that, when a corporation sells all of its assets to another, the latter is not responsible for the seller's debts or liabilities, except where (1) the purchaser expressly or impliedly agrees to assume the obligations; (2) the purchaser is merely a continuation of the selling corporation; or (3) the transaction is entered into to escape liability.

*See Monroe v. McDaniel*, 16-214 (La. App. 5th Cir. 12/7/16); 207 So.3d 1172; *J.D. Fields & Co. v. Nottingham Construction Co.*, LLC, 15–723 (La. App. 1 Cir. 11/9/15); 184 So.3d 99; *Pichon v. Asbestos*, 10–570 (La. App. 4th Cir. 11/17/10); 52 So.3d 240, *writ denied*, 10–2771 (La. 2/4/11); 57 So.3d 317.

Here, the Amended Complaint relays the basic details of the various mergers and acquisitions involving the Dresser Facility, including an allegation that in 2010 GE "acquired Dresser, Inc., which then became a division of GE Oil & Gas, LLC."

---

[6]      Federal Courts sitting in diversity apply state substantive law and federal procedural law.  *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427 (1996).  Though not addressed by the parties, the Court finds it proper to apply Louisiana law to the issue of successor liability.  Here, the Plaintiffs are all Louisiana citizens, GE is authorized to do business in Louisiana, the alleged injuries were felt in Louisiana, and the facility where the relevant events transpired is in Louisiana.  Furthermore, neither party contends that any other state's policies would be impaired by the application of Louisiana law.  Accordingly, the Court applies Louisiana law in determining whether Plaintiffs have successfully alleged successor liability against GE.

[Doc. 63, ¶ 30].  Plaintiffs specifically assert that certain Defendants "acquired other corporations or other legal entities by merger, acquisition or otherwise or who otherwise assumed obligations under applicable leases or contracts, [and] had a duty to remedy the past wrongs of those parties for whose fault or obligations they are legally responsible." [*Id.* ¶ 33].  This satisfies the baseline pleading requirement for a successor liability claim. *See* Gross *v. PPM Contractors*, CV 03-2577, 2004 WL 2984818, at * 2 (E.D. La. Dec. 7, 2004) (a statement that the defendant "purchased some or all of the assets and liabilities" of its predecessor, while a general statement, was not so unspecific that it fails to state a claim for successor liability).

Because neither the judicially-noticed Secretary of State filings nor the conveyance records provide the terms of GE's acquisition of Dresser, Inc. and what, if any, assets and liabilities were assumed by GE during that transaction, GE's first argument raised in its Motion to Dismiss is denied.[7]

## II.  Satisfaction of Rule 8's Pleading Requirements

The Court next addresses GE's argument that the Amended Complaint is deficient under Rule 8 because it constitutes a "shotgun pleading" – *i.e.*, one that impermissibly cumulates all claims against all Defendants without apprising each Defendant of the specific claims against it.  [Doc. 69-1, p. 6].  Coined by the Eleventh Circuit, a "shotgun pleading" fails "to give the defendants adequate notice of the claims against them and the grounds upon which [each] claim rests." *Sistrunk v.*

---

[7]     The Court's ultimate determination of this issue will likely necessitate a review of the documents evidencing the acquisition of Dresser, Inc. by GE in 2010.  However, this extrinsic evidence is not before the Court in the instant Motion.

*Haddox*, CV 18-0516, 2020 WL 2549699, at *11 (W.D. La. May 19, 2020) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)).

Contrary to Defendants' assertion, the Amended Complaint does not resemble the type of pleading typically condemned as "shotgun pleading." *See Barrett v. Dresser*, CV 20-1346, 2021 WL 53658 (W.D. La. Jan. 6, 2021). Similar to the Court's analysis in *Barrett*, here too the Amended Complaint both: (i) states the respective time periods during which all Defendants, including GE, owned, operated, or may have had responsibility for the Dresser Facility, (ii) alleges that the activity causing the contamination occurred throughout the changes in ownership, (iii) alleges that their properties were contaminated by pollution that resulted from Defendants' disposal of hazardous substances at the Dresser Facility, and (iv) sets forth the legal theories they rely upon for the remedies they seek. As such, because the Amended Complaint describes the facts underlying the Plaintiffs' claims in a manner sufficient to notify Defendants of the claims against them – thereby allowing them to prepare responsive pleadings – it does not constitute an improper "shotgun pleading."[8] *Barrett*, 2021 WL 53658, at *3.

Any additional information sought by GE regarding the specific nature of Plaintiffs' claims is appropriately reserved for discovery. *See Alford v. Chevron U.S.A.*

---

[8]    Other courts in this district and across the circuit have likewise found complaints with analogous factual allegations sufficient under Rule 8. *See, e.g., Gaspard One, L.L.C. v. BP Am. Prod. Co.*, CV 07-1551, 2008 WL 863987, at *3 (W.D. La. Mar. 31, 2008); *Constance v. Austral Oil Exploration Co.*, Nos. CV 12-1252, CV 21-1253, 2013 WL 6578178, at *4 (W.D. La. Dec. 13, 2013); *see also Morgan Plantation, Inc. v. Tennessee Gas Pipeline Co.*, LLC, CV 16-1620, 2017 WL 4864489 (W.D. La. Sept. 21, 2017), *report and recommendation adopted*, CV 16-1620, 2017 WL 4847523 (W.D. La. Oct. 26, 2017); *Martin v. Tesoro Corp.*, CV 11-1413, 2012 WL 1866841 (W.D. La. May 21, 2012); *Alford v. Chevron U.S.A. Inc.*, 13 F.Supp.3d 581 (E.D. La. 2014).

*Inc.*, 13 F.Supp.3d 581, 591 (E.D. La. 2014).  Otherwise, GE is well positioned to ascertain the time periods during which it owned, operated, or had responsibility for the Dresser Facility as well as the activity taking place during that timeframe. Therefore, the Court denies GE's Motion as to the adequacy of Plaintiffs' Amended Complaint under Rule 8.

## III.   Other Claims

More narrowly, GE also contends that certain of Plaintiffs' claims fail to state claims upon which relief can be granted, specifically their: (i) premises liability claims, (ii) nuisance claims, and (iii) solidary liability claims.  GE also argues Plaintiffs should be barred from recovering: (i) damages for loss of use, loss of income, and lost profit, (ii) stigma damages/diminution in value damages, and (iii) punitive damages. Assuming for purposes of this Motion that discovery establishes facts sufficient to establish that GE is potentially liable under a theory of successor liability, the Court now considers the legal sufficiency of these contested claims.

### a.  Premises Liability Claims Under Louisiana Civil Code Articles 2317, 2317.1, and 2322

GE first argues that Plaintiffs fail to state claims for premises liability under both the pre- and post-1996 amendments to Louisiana Civil Code Articles 2317, 2317.1, and 2322.  Collectively with regard to these provisions, GE argues: (i) Plaintiffs fail to allege any activity by GE occurring before 1996, thus barring any claim under the pre-1996 amendments to these articles, and (ii) any claims under the post-1996 amendments are precluded because GE was never the "owner or custodian" of the Dresser Facility. [Doc. 69-1, p. 9].  Regarding Articles 2317.1 and 2322 specifically, GE also claims Plaintiffs failed to allege facts that "the damage could

have been prevented by the exercise of reasonable care," which is a necessary showing under Louisiana law following the 1996 amendments. [*Id*.].

GE's first two arguments are premised on its contention that Plaintiffs cannot assert successor liability against GE.  However, as the Court has now determined that Plaintiffs have asserted a cognizable theory of liability against GE, the Court pretermits the merits of these arguments. The Amended Complaint contains allegations of activity commencing at least by "October 23, 1984," which involved the use and storage of solvents at the Dresser Facility that migrated into the environment and caused the damage for which Plaintiffs now seek relief.  [Doc. 63, ¶ 19-21]. Accepting for purposes of this Motion all well-pleaded facts as true and viewing those facts in the light most favorable to the Plaintiffs, the Court finds that Plaintiffs have stated a plausible premises liability claim for activity occurring prior to the 1996 amendments to Articles 2317 and 2322.  *See Watson v. Arkoma Dev., LLC*, CV 17-1331, 2018 WL 6274070, at *6 (W.D. La. Nov. 15, 2018), *report and recommendation adopted,* 3:17-CV-1331, 2018 WL 6274008 (W.D. La. Nov. 30, 2018); *Morgan Plantation, Inc. v. Tennessee Gas Pipeline Co.*, LLC, No. 16-CV-1620, 2017 WL 4864489, at *6 (W.D. La. Sept. 21, 2017).

GE's third argument also lacks merit.  In 1996, the Louisiana Legislature amended the Civil Code to remove strict liability and impose a negligence standard under Article 2317.  *Alford*, 13 F.Supp.3d at 608 (citing *Coulter v. Texaco Inc.*, 117 F.3d 909, 913 & n.8 (5th Cir. 1997).  Now, to prevail under that article, a plaintiff must also prove, among other elements, that "the defendant knew or should have known of the defect" that caused the plaintiff's injuries and that the damages could

have been prevented by the exercise of reasonable care. *Butler v. Denka Performance Elastomer, L.L.C.,* 16 F.4th 427 (5th Cir. 2021); *see also* La. Civ. Code Art. 2317.1. Like Article 2317, Article 2322 also imposed liability without fault before the 1996 revision. *Celestine v. Union Oil Co.*, 1994-1868, p. 6-7 (La. 4/10/95), 652 So.2d 1299, 1303. It too now imposes a negligence standard. *Alford*, 13 F.Supp.3d at 609.

After a careful review of the Amended Complaint, the Court finds it premature to dismiss these claims. Plaintiffs have alleged that "[t]he Dresser Facility, and the systems and equipment therein, contained defects and/or conditions which … allowed for the release of chlorinated solvent chemicals" onto their properties. [Doc. 63, ¶¶ 89, 98]. They further allege that Defendants knew or should have known of these defective conditions and that their failure "in preventing chlorinated solvent chemicals from entering the environment" could have "been prevented in the exercise of reasonable care," which "proximately caused Plaintiffs' injuries." [*Id.* ¶¶ 92–94, 101-103]. These allegations, accepted as true, are sufficient to support claims under the post-1996 versions of Articles 2317.1 and 2322. Accordingly, GE's motion to dismiss Plaintiffs' claims under the applicable versions of Articles 2317, 2317.1, and 2322 is denied.

### b. Nuisance Claims

GE next seeks dismissal of both Plaintiffs "nuisance" claims, including: (i) private nuisance under the pre- and post-1996 versions of Louisiana Civil Code Article 667, and (ii) public nuisance under either Louisiana or federal jurisprudence. [Doc. 69-1, pp. 10-14]. GE points to this Court's decision in *Barrett*, which dismissed claims for private nuisance under the pre-1996 amendments to Article 667, in support

of this argument.  GE also claims there is no cause of action for public nuisance under either Louisiana or federal law.

### i.  Private Nuisance Under Article 667

The former version of Article 667 imposed strict liability on landowners or proprietors for actions causing damage resulting from ultrahazardous activities. *Morgan Plantation, Inc. v. Tennessee Gas Pipeline Co.*, LLC, No. 16-CV-1620, 2017 WL 4864489, at *5 (W.D. La. Sept. 21, 2017).  Louisiana courts employ a three-prong test to determine whether an activity was ultrahazardous.  Under this test, to qualify as an ultrahazardous activity, the conduct: (i) must relate to an immovable, (ii) must itself cause the injury and the defendant must be engaged directly in the injury-producing activity, and (iii) must not require substandard conduct to cause injury. *Id.* (citing *Bartlett v. Browning-Ferris Indus., Chem. Svcs., Inc.*, 1996-0218, p. 4 (La. App. 3 Cir. 1/2/96), 683 So.2d 1319, 1321).

GE claims that the Amended Complaint fails as a matter of law to state a claim for injuries stemming from ultrahazardous activity because the third prong of the test is not met.  The Court agrees.  Because Plaintiffs allege throughout the Amended Complaint that their injuries were caused by the substandard conduct of Defendants – and, importantly, do not allege that the Defendants' activities were ultrahazardous in and of themselves – the third prong fails.  *See Barrett*, 2021 WL 53658, at *6; *see also Morgan Plantation*, 2017 WL 4864489, at *5 (finding the plaintiffs' former Article 667 strict liability claim did not satisfy the third prong "because the petition alleged that the damages were caused by the substandard care of the defendants, rather than that the activities did not require substandard care to cause injury"); *Pierce v. Exxon*

*Mobil Oil Corp.*, 2013 WL 1856079, *7 (E.D. La. Apr. 30, 2013) (holding that the third prong was not met because the petition failed to "allege that the activity is ultra-hazardous in and of itself, but rather that the substandard care of Defendants caused this damage."). Accordingly, Plaintiffs' negligence allegations throughout their Complaint defeat their pre-1996 Article 667 claim, and the Motion is granted as to this claim.

Turning to the post-1996 version of Article 667, the Court does not find any allegations in the Amended Complaint of pile driving or blasting – which are the exclusive ultrahazardous activities covered by this article. *Roberts v. Cardinal Services, Inc.*, 266 F.3d 368, 384 (5th Cir. 2001). Therefore, Plaintiffs' claims for strict liability under the post-1996 version of Article 667 are dismissed.

### ii. Public Nuisance

Plaintiffs claim that Defendants' "actions/omissions created a public nuisance that unreasonably endangers or injures the property of Plaintiffs and the general public, causing inconvenience and annoyance." [Doc. 63, ¶ 117]. They further allege that these actions have "significantly interfered … with public health, safety, peace, comfort, and/or convenience." [*Id.* ¶118]. As a result, Plaintiffs aver they are entitled to a prohibitory and mandatory permanent injunction, requiring and ordering Defendants to remove the contamination underneath Plaintiffs' land. [*Id.* ¶ 120]. In response, GE argues that Plaintiffs fail to state a claim for public nuisance under both federal law – because no such cause of action exists – and Louisiana law – because Plaintiffs fail to allege (i) an interference of right common to the general public, and (ii) any conduct interfering with such a right. [Doc. 69-1, p. 13-14].

15

A public nuisance is "an unreasonable interference with a right common to the general public." *Bd. of Comm'rs of the Se. Louisiana Flood Prot. Auth. E. v. Tennessee Gas Pipeline Co., LLC*, 29 F.Supp.3d 808, 855 (E.D. La. 2014).  Such a nuisance may arise from an interference with the use of public things, such as highways, navigable rivers, and parks, or from conduct in violation of rules of the common law or statutes expressing a public concern for the health, safety, or property of a considerable number of persons.  4 A.N. Yiannopoulos, Louisiana Civil Law Treatise: Predial Servitudes, § 3:31 (4th ed.).  However, Plaintiffs do not cite to any persuasive authority establishing such a right under Louisiana or federal law.[9]  Moreover, the entirety of the factual assertions in the Amended Complaint pertain only to conduct involving Plaintiffs' private property.  Plaintiffs do not allege any interference of a thing common to the public.  Nor do they allege any violation of a rule or statute expressing a public concern.  Instead, Plaintiffs only suggest the factual allegations in the Amended Complaint provide for a "clear inference that the general public has a right to be free from contaminated groundwater, soil, and air…." [Doc. 77, p. 16].  Without any legal or factual support, this is not enough.  Plaintiffs' failure to allege both a right common to the general public and conduct by GE interfering with that right is fatal to their claim.  Accordingly, GE's motion to dismiss Plaintiffs' public nuisance claim under state and federal law is granted.

---

[9]     The Court finds *Barrow v. Gaillardanne* inapplicable to the facts presented. 122 La. 558 (La. 1908).  *Barrow* involved interference with a public waterway, whereas the instant matter involves allegations of interference with private property. *Id.*

### c.  Solidary Liability

GE also contests and seeks dismissal of Plaintiffs' claim that "[a]ll defendants are joint tortfeasors and are liable to Plaintiffs *in solido*" under Louisiana Civil Code Article 2324. [Doc. 69-1, p. 14].  In 1996, the Louisiana Legislature amended Article 2324, thereby abolishing solidary liability among negligent tortfeasors and implementing a system of comparative fault.  *Dumas v. State*, 2002-0563, p. 9 (La. 10/15/02), 828 So.2d 530, 535.  Thus, GE is correct that Plaintiffs are unable to claim solidary liability among all Defendants for conduct occurring after 1996. [Doc. 69-1, p. 14].  However, because: (i) Plaintiffs have pleaded a theory of successor liability against GE, and (ii) the Amended Complaint states factual conduct occurring prior to 1996, the Court finds that Plaintiffs have stated a plausible claim for solidary liability against GE at this stage. [Section III.a, *supra*.]  Accordingly, GE's motion is denied as to this claim.

### d.  Damages

Lastly, GE argues that Plaintiffs fail to state a claim for entitlement to certain damages, to wit: (i) damages for loss of use, loss of profits, and lost income; (ii) "stigma damages" – *i.e.*, damages resulting from the diminution in value to the properties following contamination; and (iii) punitive damages under Louisiana Civil Code Article 2315.3.  The Court will address each in turn.

#### i.  Loss of Use and Enjoyment, Loss of Profits, and Lost Income Damages

Under Louisiana law, the term "damages" refers to "pecuniary compensation, recompense, or satisfaction for an injury sustained."  *Wainwright v. Fontenot*, 2000-

17

0492, p. 5 (La. 10/17/00), 774 So.2d 70, 74.  The most common type of delictual damages are compensatory, which encompass those damages "designed to place the plaintiff in the position in which he would have been if the tort had not been committed." *Id.* (citing Frank L. Maraist & Thomas C. Galligan, Jr., LOUISIANA TORT LAW § 7–1 (Michie 1996) (footnotes omitted)).

Neither party, however, argues that Plaintiffs are legally barred from recovering these damages.  Rather, GE disputes whether the Amended Complaint asserts facts sufficient to state entitlement to each type of damage.  Upon reviewing the Amended Complaint, the Court finds that each Plaintiff sufficiently states a claim for loss of use and enjoyment damages.  Paragraphs 66 through 70 provide factual assertions supporting how the alleged contamination affects each Plaintiff's current and future use and enjoyment of their property.  [Doc. 63].  Therefore, GE's motion regarding loss of use damages is denied.

However, the Amended Complaint fails to make sufficient factual allegations to support damages for lost profits or lost income.  Plaintiffs do not seriously dispute this challenge.  Instead, Plaintiffs only ask that this dismissal be without prejudice. [Doc. 77, p. 18].  The Court therefore dismisses Plaintiffs' claims for damages for loss of profits and loss of income without prejudice to re-asserting them upon a showing of good cause.

### ii.  Stigma Damages

GE also contends that Plaintiffs fail to allege with specificity factual circumstances entitling Plaintiffs to recover stigma damages as required under Federal Rule of Civil Procedure Rule 9(g).  In response, Plaintiffs point to paragraph

18

71 of the Amended Complaint as sufficient factual pleading to state entitlement to such damages.  [Doc. 63, ¶71].

Under Louisiana law, stigma damages are those recoverable for the diminution of property value. *Mitchell v. East Baton Rouge Parish*, 2009-1076, p. 6 (La. App. 1 Cir. 7/16/10), 2010 WL 2889572 (Kuhn, J., dissenting).  GE does not cite any legal authority classifying stigma damages as "special damages" under Rule 9(g).  Though Plaintiffs' allegations are thin, the Court nonetheless finds them sufficient to withstand the Motion given the facts alleged and the nature of the claims asserted. Accordingly, GE's motion to dismiss Plaintiffs' stigma damages is denied.

### iii. Punitive Damages Under Louisiana Civil Code Article 2315.3

Finally, GE asserts that Plaintiffs are barred from seeking punitive damages under former Louisiana Civil Code Article 2315.3 – which was enacted in 1984 and repealed in 1996 – because Plaintiffs fail to allege GE was "engaged in an affirmative conduct" during the effective periods of Article 2315.3.  The former version of Article 2315.3 provided for punitive, or exemplary, damages when a "plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous substances." *Alford*, 13 F.Supp.3d, at 603.  The article became effective on September 4, 1984, and was repealed on April 16, 1996.  *Bujol v. Entergy Services, Inc.*, 2003–0492, p. 8 n. 6 (La.5/25/04), 922 So.2d 1513, 1121 n. 6.  The Louisiana Supreme Court has clearly held that the article only applies to conduct occurring between September 4, 1984, and April 16, 1996. *Anderson v. Avondale Indus., Inc.*, Inc., 2000–2799, p. 9-10 (La. 10/16/01); 798 So.2d

93, 102; *see Gunthrie v. Plains Resources Inc.*, CV 12-1904, 2013 WL 2471670, at *10 (W.D. La. Jun. 7, 2013).

Plaintiffs maintain that the Amended Complaint contains sufficient factual allegations of conduct occurring during the effective periods and direct the Court to paragraphs 17-24 of the Amended Complaint. [Doc. 77, p. 21]. For the reasons stated in Section III.a., *supra*, the Court agrees that the Amended Complaint plausibly states activity by Defendants on or around October 23, 1984, and continuing during the effective period of Article 2315.3.[10] [Doc. 63, ¶ 17-20]. Assuming GE may be held liable under a theory of successor liability, the Court finds Plaintiffs have alleged a plausible claim for punitive damages under Article 2315.3. Thus, GE's Motion is denied as to these claims.

<u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion.

IT IS HEREBY ORDERED that the Court DISMISSES WITH PREJUDICE the following claims against Defendant GE:

- Strict liability, or private nuisance, under the former and current versions of Article 667; and

- Public nuisance.

---

[10] GE's reliance on *Alford v. Anadarko E & P Onshore, LLC*, is misplaced. 2014 WL 1512454 (E.D. La. Apr. 2014). The Court in *Anadarko E & P Onshore* specifically found that no named defendant – or predecessor-in-interest of any named defendant – conducted any activity on the property after 1982. *Id.* at *16. This necessarily obviated the possibility of punitive damages in that case. Here, however, Plaintiffs allege in the Amended Complaint that potential predecessors-in-interest to GE operated the Dresser Facility during the effective period of Article 2315.3. It is therefore not appropriate for the Court to dismiss these claims at this stage.

IT IS FURTHER ORDERED that the Court DISMISSES WITHOUT PREJUDICE the following claims against Defendant GE:

- Damages for lost income and profits.

IT IS FURTHER ORDERED that in all other respects, Defendant's Motion is DENIED.

THUS, DONE AND SIGNED in Chambers on this 18th day of February 2022.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE